In the Matter of the Claim of WILLIAM PINEAU, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal by claimant from a decision of the Unemployment Insurance Appeal Board which ruled him ineligible to receive benefits for the period "January 8 through January 14, 1962" finding that he had failed to comply with registration requirements. (Labor Law, § 590, subd. 1; § 596, subds. 1, 2; 12 NYCRR 473.1 [a].) Claimant's failure of compliance is not disputed. The record discloses no basis upon which we would be justified in disturbing the board's refusal to excuse the omission and to grant permission to predate the claim. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

In the Matter of the Claim of KARL PINKUS, Appellant, v. HOD CARMEL KOSHER PROVISION COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by claimant from the disallowance of his claim that a work-induced argument with his foreman engendered emotional stress and strain causative of two separate and disabling conditions, one diagnosed by his treating internist as "arteriosclerotic and hypertensive heart disease, recent coronary insufficiency precipitated by excitement at place of work"; and the other diagnosed by his consultant neuropsychiatrist as "depressive psychosis with paranoid ideas secondary to an incident at work". It was within the province of the board in evaluating the evidence respecting the argument to find, as it did, "that claimant did not sustain an accidental injury within the meaning of the Workmen's Compensation Law, in that the episode in question did not involve or induce emotional strain or tension greater than the countless differences and irritations to which all workers are occasionally subjected, without untoward result." (See *Matter of Santacroce* v. *40 W. 20th St.*, 9 A D 2d 985, affd. 10 N Y 2d 855.) Additionally, the board found "no causal relationship between the episode in question and the disabling coronary and neuropsychiatric conditions"; and in so doing was warranted in accepting the denial of causation by the employer's expert in heart diseases, and, also, in relying upon the opinion against causality expressed by the employer's specialist in neurology and psychiatry and in accepting as factually correct the hypothesis upon which his opinion was in part predicated. Decision affirmed, without costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.